**YU HUI CHEN, Petitioner,**

v.

**Michael B. MUKASEY, Respondent.**

No. 08–1506–ag.

United States Court of Appeals, Second Circuit.

Dec. 31, 2008.

Yu Hui Chen, New York, NY, pro se.

Gregory G. Katsas, Assistant Attorney General; Linda S. Wernery, Assistant Director; Angela N. Liang, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. ROBERT D. SACK and Hon. RICHARD C. WESLEY, Circuit Judges.

### *SUMMARY ORDER*

Petitioner, Yu Hui Chen, a native and citizen of the People's Republic of China ("China"), seeks review of the March 4, 2008 order of the BIA affirming the March 30, 2006 decision of Immigration Judge

("IJ") Elizabeth A. Lamb denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yu Hui Chen*, No. A 98 349 174 (B.I.A. Mar. 4, 2008), *aff'g* No. A 98 349 174 (Immigr. Ct. N.Y. City Mar. 30, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination, *see Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir.2008). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008).

As an initial matter, Chen failed to raise any claim based on his illegal departure from China before the agency, and the government raises that failure before this Court. Accordingly, we decline to address this unexhausted issue. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119–20, 124 (2d Cir.2007).

Substantial evidence supports the BIA's affirmance of the IJ's adverse credibility determination, which was based on material inconsistencies regarding the date of the sole incident underlying Chen's claim—his arrest and subsequent beating in detention. *See Corovic*, 519 F.3d at 95. As the IJ found, Chen's testimony concerning the date of his arrest was both internally inconsistent and inconsistent with his asylum application. Before this Court, Chen does not contest that those inconsistencies exist; *instead*, he argues that the IJ erred in relying on those inconsistencies. Chen explains that he was confused during his testimony and was

unable to understand the questions asked of him due to his limited education and the traumatic memories of what happened to him. Because Chen did not assert before either the IJ or BIA that he did not understand the questions asked of him due to a lack of education or his traumatic memories, we decline to consider those unexhausted arguments. *Zhong*, 480 F.3d at 119–20.

The IJ properly gave diminished weight to the affidavits of Chen's friend and sister because they are unauthenticated and did not mention the date of Chen's arrest. Contrary to Chen's argument, the IJ is not precluded from giving these affidavits little weight because the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the IJ. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir.2006). Also contrary to Chen's assertion, the IJ did not err in relying on those omissions in Chen's corroborating evidence to support the adverse credibility determination. *See Surinder Singh v. BIA*, 438 F.3d 145, 148 (2d Cir.2006).

Additionally, substantial evidence supports the IJ's finding that even though Chen submitted a document corroborating the date of his arrest, the document could not overcome the inconsistencies in Chen's testimony concerning the date of his arrest. *See Corovic*, 519 F.3d at 95. Although inconsistencies need not be fatal if minor and isolated, the inconsistencies here concern the date of the sole incident underlying his claim for asylum. *Cf. Diallo v. INS*, 232 F.3d 279, 288 (2d Cir.2000). Chen's testimony concerning the date of that incident changed throughout the course of his testimony, eventually identifying three separate dates spanning a period of approximately one year. These inconsistencies call into question whether the arrest occurred at all. *See Jin Yu Lin v. U.S. Dep't of Justice*, 413 F.3d 188, 190 n.

3 (2d Cir.2005) (finding alien's testimony to be "so obviously dubious" where alien initially testified to her daughter being born on April 28, 1982, "then stated that the child was born in 1998 and subsequently said that her daughter was born in 1993 before finally settling on 1983").

Because the only evidence that Chen would be persecuted or tortured depended on his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.